```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                 *
AMERICAN POSTAL WORKERS
UNION, AFL-CIO, LOCAL 4321       *

     Plaintiff,                  *
v.                                       CIVIL NO.: WDQ-04-3133
                                 *
UNITED STATES POSTAL SERVICE,
                                 *
     Defendant.
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

American Postal Workers Union, AFL-CIO, Local 4321 ("Local 4321") is the exclusive representative of certain postal employees who work in the United States Postal Service Main Station Office in Easton, Maryland.  Compl. ¶ 5.

A collective bargaining agreement between the American Postal Workers Union and the United States Postal Service provides the terms and conditions of employment for employees represented by Local 4321.  Ex. A to Compl. (collective bargaining agreement).  Local 4321 filed two grievances concerning the discipline of postal employee Janice E. Banks pursuant to the grievance procedures in the collective bargaining agreement.  Compl. ¶ 7.  The grievances were not resolved and were advanced to arbitration by Local 4321.  *Id.*

1

On December 5, 2003, an arbitrator conducted a hearing on the grievances.  *Id.* ¶ 10.  The issues presented were: (1) was there reasonable cause for placing Banks on emergency, non-duty, non-pay status effective March 27, 2003? and (2) was there just cause for issuing a Notice of Removal to Banks on June 6, 2003, for alleged misappropriation of funds?  *Id.*

On March 10, 2004, the Arbitrator issued a written Opinion and Award denying the first grievance, and remanding the second grievance to Step 2 of the collective bargaining agreement's grievance/arbitration procedure.  *Id.* ¶ 11.  On August 31, 2004, the Arbitrator issued a Supplemental written Opinion and Award denying the second grievance.  *Id.* ¶ 12.

Local 4321 claims that the Arbitrator's Supplemental Award should be vacated because: (1) the Arbitrator had ex parte communications with the Defendant; (2) the Arbitrator exceeded his authority; and (3) the Arbitrator's Award does not comport with the provisions of the collective bargaining agreement.  *Id.* ¶ 13.

Pending is the United States Postal Service's ("USPS") motion to dismiss or for summary judgment.  For the reasons discussed below, USPS's motion to dismiss will be granted.

## STANDARD OF REVIEW

USPS argues that this case must be dismissed because

Local 4321 lacks standing.  Federal courts must determine their jurisdiction, and standing is among the most important of the jurisdictional doctrines.  *Trinity Outdoor, L.L.C. v. City of Rockville, Maryland*, 2004 U.S. Dist. LEXIS 466, *3 (D. Md. 2004).  Because standing is a core element of federal subject matter jurisdiction, it is subject to the same standard of review that applies to a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Id.* (*citing Falwell v. City of Lynchburg, Virginia*, 198 F. Supp. 2d 765, 771 (W.D. Va. 2002)).

When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the Plaintiff has the burden of proving subject matter jurisdiction.  *Evans v. B.R. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (*citing Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  The court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the motion to one for summary judgment.  *Id.*  The district court should grant the Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.* (*quoting*

3

*Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768) (internal quotation marks omitted).

## ANALYSIS

USPS asserts that because Local 4321 is not a signatory to the collective bargaining agreement which governs its claims, it lacks standing to bring this suit. *See* Ex. A to Compl. (collective bargaining agreement between USPS and *national* American Postal Workers Union, AFL-CIO). When a local union seeks standing to sue under a collective bargaining agreement established by a national union, the local union must allege that it has the express authorization of the national union to bring suit. *Nat'l Post Office Mail Handlers Local No. 305 v. United States Postal Serv.*, 594 F.3d 988, 991 (4th Cir. 1979).

Local 4321 has not alleged authorization to sue from the national union, but argues that it "is prepared to come forward with . . . proof" that it has consent and authorization. Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 13. To cure its jurisdictional defect, Local 4321 must amend its Complaint. *See Feikema v. Texaco, Inc.*, 16 F.3d 1408, 1412 (4th Cir. 1994) (remanding to allow plaintiffs to amend complaint where plaintiffs had filed motion to amend in the district court). Local 4321 has not moved to amend its

Complaint.  Accordingly, USPS's motion to dismiss for lack of jurisdiction will be granted.

<u>April 26, 2005</u>                              <u>        /s/                    </u>
Date                                  William D. Quarles, Jr.
                                      United States District Judge